UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| METROPCS PENNSYLVANIA, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY WIRELESS, INC., a Pennsylvania corporation; AIMEN ARRAK; and ADEL ALAMERI,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

Plaintiff MetroPCS Pennsylvania, LLC ("MetroPCS") brings this action against Defendants City Wireless, Inc. ("City Wireless"), Aimen Arrak and Adel Alameri for injunctive relief and states as follows:

## I.  INTRODUCTION

This is an action for a permanent injunction to prevent Defendants City Wireless, Aimen Arrak and Adel Alameri; City Wireless's owners, shareholders, members, officers, partners, and directors ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest ("Affiliated Entity"); City Wireless's principals, officers, directors, employees, agents, and any successor entity; and all persons acting in concert with or in active participation with them, from violating the non-competition and non-solicitation clauses in City Wireless's Exclusive Indirect Dealer Agreement ("Dealer Agreement") with MetroPCS. In the Dealer Agreement it was

COMPLAINT FOR INJUNCTIVE RELIEF - 1

agreed, among other things, that City Wireless would not sell wireless services in competition with MetroPCS or solicit, divert, or attempt to divert MetroPCS's customers for a period of six months following termination of the agreement, within two miles of any of the storefronts in which it had operated as a MetroPCS dealer. Although most claims arising under the Dealer Agreement are subject to arbitration, pursuant to Paragraph 21.5 of the Dealer Agreement, the parties agreed that "MetroPCS will have the right, in a court of law or equity, to . . . apply for injunctive relief against any act which would violate any of its provisions."

## II.     PARTIES

1. Plaintiff MetroPCS is a Delaware limited liability company with its principal place of business in Bellevue, Washington.

2. Defendant City Wireless is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. It was incorporated in Pennsylvania on October 13, 2004.

3. Defendant Aimen Arrak is a citizen of Pennsylvania. He is listed as Vice President of City Wireless on the current Pennsylvania Department of State Business Entity page.

4. Defendant Adel Alameri is a citizen of Pennsylvania. He is listed as President of City Wireless on the current Pennsylvania Department of State Business Entity page.

## III.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction also exists under the Court's general equity powers.

6. Venue is proper in this Court pursuant to Paragraph 21.5 of the Dealer Agreement (which provides that any action relating specifically to an injunction may be brought in any court of law or equity) and Paragraph 21.1 of the Dealer Agreement (which provides that exclusive venue shall be in King County, Washington).

COMPLAINT FOR INJUNCTIVE RELIEF - 2

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

## IV.   GENERAL ALLEGATIONS

7.   MetroPCS is a wireless telephone carrier with a national network and brand. It sells wireless personal communications services to its customers, including wireless voice communications, wireless internet services, ringtones, SMS texting, instant messaging, and other wireless phone and data services.

8.   Unlike many other wireless carriers, MetroPCS focuses on offering "unlimited" pay-in-advance plans (often characterized as "prepaid") without a long term contract. MetroPCS relies on its dealers to market and sell MetroPCS-packaged mobile wireless telephones, data modems, and accessories to users of MetroPCS's service and to provide customer service. Dealers become the face that MetroPCS shows to its customers and they are trusted by MetroPCS to provide quality service to assist and retain those customers.

9.   Defendant City Wireless executed the Exclusive Indirect Dealer Agreement ("Dealer Agreement") at issue on or about February 13, 2014. Defendant Arrak signed that Agreement on behalf of City Wireless.

10.   In late 2014, City Wireless breached the Dealer Agreement.

11.   As a result of City Wireless's breach of the Dealer Agreement, MetroPCS terminated that Agreement by letter dated December 17, 2014, and sent a revised termination letter on January 30, 2015, with an effective date 10 days following City Wireless's receipt of the letter. The letter was received by City Wireless on February 10, 2015, making the termination date February 20, 2015.

12.   Pursuant to Paragraph 2.4 of the Dealer Agreement, City Wireless agreed that it would not solicit or divert MetroPCS customers during the term of the Dealer Agreement and for six month following termination. That paragraph reads as follows:

> All customers are owned by MetroPCS and not by Dealer. During the term of this Agreement and for a period of six (6) months after termination of this Agreement (whether voluntary or involuntary, with or without cause), Dealer, its principals, owners, partners, members, shareholders, officers, directors, employees, agents ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest and/or any successor entity

COMPLAINT FOR INJUNCTIVE RELIEF - 3

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

> to Dealer (Affiliated Entity") shall not at any time (i) request any MetroPCS customer to curtail or cancel its business with MetroPCS, or (ii) otherwise solicit, divert or attempt to divert any such MetroPCS customer from patronizing MetroPCS.

13. The Dealer Agreement also contains a six-month non-competition period after termination or expiration of the agreement. Paragraph 16.7 provides as follows:

> Dealer covenants and agrees that during the Term of this Agreement and for a period of at least six (6) months following any termination or expiration of this Agreement, Dealers shall not, and will cause its Affiliated Persons and Affiliated Entities, not to directly or indirectly (including by licensing) engage or participate in, or acquire, manage, operate, control or participate in the management, operation or control of, either alone or jointly, any entity that engages in the sale, resale or distribution of any wireless telephone or wireless internet data service including, without limitation, any other wireless phone, or wireless internet service, or service plan that offers unlimited local and/or long distance calls and/or unlimited wireless internet service for a flat price, within a two (2) mile radius of Dealer's MetroPCS Storefront Locations. If Dealer breaches this warranty and covenant, then, in addition to any other legal or equitable remedy that MetroPCS may have, the post-termination of this warranty covenant will be extended for one (1) day for each day during which the Dealer's breach was ongoing.

14. The Dealer Agreement also contains a choice of law provision by which the parties agreed that, "This Agreement will be governed by the law of the State of Washington without reference to its conflict of law rules, and will to the maximum extent practicable, be deemed to call for performance in King County, Washington." *Id.,* ¶ 21.1. This choice of law clause is valid and enforceable as to the claims herein. *See CH2O, Inc. v. Bernier*, 2011 U.S. Dist. LEXIS 42025; 2011 WL 1485604 (W.D. Wash. 2011); *Amazon.com, Inc. v. Powers*, 2012 U.S. Dist. LEXIS 182831 (W.D. Wash. 2012).

15. On March 30, 2015, MetroPCS learned that that City Wireless's one remaining store was still open. In violation of the Dealer Agreement, City Wireless is selling competing wireless telephone and wireless internet data services for Boost Mobile from this location. Boost Mobile is a competing pay-in-advance wireless provider.

COMPLAINT FOR INJUNCTIVE RELIEF - 4

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

16. Defendants' actions in selling competing wireless telephone and wireless internet data services from Defendants' former MetroPCS store location within six months of termination of the Dealer Agreement constitute violations of the Dealer Agreement, including the non-competition and non-solicitation provisions.

17. MetroPCS has suffered and will continue to suffer substantial and irreparable harm as a result of Defendants' violations of the Dealer Agreement, for which no adequate remedy at law exists. Among other harm, MetroPCS will suffer a loss of goodwill and continued erosion of its customer relationships unless Defendants are enjoined.

## V.   FIRST CAUSE OF ACTION
## (INJUNCTIVE RELIEF)

18. MetroPCS re-alleges each and every allegation in paragraphs 1 through 17 as though fully set forth herein.

19. In violation of the Dealer Agreement, Defendants are selling wireless telephone and wireless internet data services of competing wireless carriers at their one remaining MetroPCS store and are soliciting, diverting, and attempting to divert MetroPCS customers to other commercial wireless telephone carriers.

20. MetroPCS has no adequate remedy at law to redress the injuries caused by this breach and it will continue to suffer substantial and irreparable harm—including loss of goodwill and diversion of its customers at the former MetroPCS location operated by City Wireless— unless Defendants are enjoined from violating the Dealer Agreement. City Wireless agreed in the Dealer Agreement that violation of the non-competition or non-solicitation provisions would result in irreparable harm to MetroPCS.

21. MetroPCS has a strong likelihood of success on the merits in this action. The non-competition and non-diversion provisions are narrowly tailored, reasonable, and enforceable under Washington law, which law was chosen by the parties in the Dealer Agreement. Defendants are in clear violation of the Dealer Agreement, including particularly the non-

COMPLAINT FOR INJUNCTIVE RELIEF - 5

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

competition and non-solicitation provisions, in that they are selling competing wireless telephone and wireless internet data services from their former MetroPCS location.

22. The balance of equities favors an injunction, because the threat of irreparable harm to MetroPCS outweighs any harm Defendants might suffer if injunctive relief is granted. Indeed, Defendants will suffer no harm if they are compelled merely to comply with the Dealer Agreement. MetroPCS seeks only to prevent what Defendants have no legal right to do, i.e., to violate the Dealer Agreement.

23. The injunctive relief that MetroPCS is requesting will not adversely affect the public interest, which weighs in favor of the requested injunction. The term of the non-compete clause at issue in this case is short and the clause is limited in geographic scope. Several important public interests would be furthered by issuing an injunction, including the public interest in enforcing freely negotiated business contracts and protecting companies from unfair competition. Moreover, if such provisions are not enforceable, companies in the position of MetroPCS may be forced to adopt different methods of distribution, which would result in greater costs and lowered efficiency, to the detriment of consumers and the public at large.

24. Under Paragraph 16.7 of the Dealer Agreement, the term of the non-compete provision is extended for each day defendants are in breach. Defendants have been selling competing wireless telephone and internet services in violation of this covenant since at least March 30, 2015. As of that date, 142 days remained in the six-month term of the non-compete provision.

25. To prevent the irreparable harm demonstrated above, pursuant to Federal Rule of Procedure 65, the Court should issue a permanent injunction to prevent Defendants, their Affiliated Persons and Affiliated Entities; City Wireless's principals, officers, directors, employees, agents, and any successor entity; and all persons acting in concert with or in active participation with them, from violating Dealer Agreement. Defendants should be enjoined from selling competing services at their former MetroPCS location, or at new locations within two miles of their former stores, for the remainder of the six-month term of the relevant provisions.

COMPLAINT FOR INJUNCTIVE RELIEF - 6

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff MetroPCS prays for judgment as follows:

A.      MetroPCS respectfully requests that the Court grant its Motion and enter an Injunction against Defendants City Wireless, Aimen Arrak and Adel Alameri; City Wireless's Affiliated Persons and Affiliated Entities; City Wireless's principals, officers, directors, employees, agents, successor entities; and all persons acting in concert or in active participation with them from, directly or indirectly:

    a.      Engaging or participating in, or acquiring, managing, operating, controlling or participating in the management, operation or control of any entity that engages in the business of the sale, resale, or distribution of any wireless telephone or wireless internet data service within a two mile radius of City Wireless's former MetroPCS's store locations;

    b.      Selling, reselling or distributing any wireless telephone or wireless internet data service, within a two mile radius of City Wireless's former MetroPCS's store locations;

    c.      Requesting any MetroPCS customer to curtail or cancel his or her business with MetroPCS; and

    d.      Otherwise soliciting, diverting or attempting to divert any such MetroPCS customer from patronizing MetroPCS

B.      That the injunction be immediately effective and remain in effect until a date that reflects the remainder of the six month term of the relevant provisions;

C.      That no bond or other security be required; and

D.      For such other relief as the Court deems just and proper.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF - 7

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1    DATED this 15th day of May, 2015.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
kipling@kiplinglawgroup.com

s/ Timothy M. Moran
Timothy M. Moran, WSBA #24925
moran@kiplinglawgroup.com

**KIPLING LAW GROUP PLLC**
4464 Fremont Avenue N., Suite 300
Seattle, WA 98103
(206) 545-0345
(206) 545-0350 (fax)

*Counsel for Plaintiff MetroPCS Pennsylvania, LLC*

COMPLAINT FOR INJUNCTIVE RELIEF - 8

KIPLING LAW GROUP PLLC
4464 FREMONT AVE N, SUITE 300
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350